UNITED STATES of America, Plaintiff,

v.

**Joaquin CARDONA SANDOVAL, et al., Defendants.**

**Crim. No. 90–084 (RLA–JP).**

United States District Court, D. Puerto Rico.

July 31, 1991.

Jeannette Mercado Ríos, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

David Román, Old San Juan, P.R., for defendant Cardona Sandoval.

Charles Rodríguez, Isla Verde, P.R., for defendant Rojano Rangel.

Juan R. Acevedo, Hato Rey, P.R., for defendant Gómez Olarte.

Rachel Brill, Asst. Federal Public Defender, Old San Juan, P.R., for defendant Molina.

### ORDER

PIERAS, District Judge.

Codefendants Jorge Gomez Olarte, Alfonso Alvarado Molina, and Alexander Ro-

jano Rangel have filed a motion to sever their trial from that of codefendant Joaquin Cardona, pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

█ A trial judge has complete discretion in considering severance under Federal Rule of Criminal Procedure 14. *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). The Court's denial of such motion will be overturned only when a defendant has shown prejudice sufficient to conclude that there has been a clear abuse of discretion. *United States v. Gómez–Pabon*, 911 F.2d 847, 859 (1st Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 801, 112 L.Ed.2d 862 (1991). Federal Rule of Criminal Procedure 8 demonstrates that public policy favors joint trials. Federal Rule of Criminal Procedure 8(b) specifically provides that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction. . . ." Judicial efficiency is the underlying factor favoring joint trials. *Daley v. United States*, 231 F.2d 123, 125 (1st Cir.), *cert. denied*, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956).

█ Defendants claim they have been prejudiced in two ways. They argue that if they were tried separately from codefendant Cardona, Cardona would provide exculpatory evidence which he would not provide at the joint trial. They also contend that they would be unduly prejudiced by the "spillover effect" of the government's introduction of evidence regarding Cardona's two previous convictions related to smuggling marijuana.

█ In order to be entitled to a severance on the basis of a codefendant's testimony, the movant must show (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature; and (4) that the codefendant will in fact testify if the cases are severed. *United States v. Burns*, 898 F.2d 819, 820 (1st Cir.1990). If the moving party makes such a showing, the court must then proceed to (1) examine the significance of the testimony; (2) consider whether the testimony would be subject to substantial, damaging impeachment; (3) assess the counter arguments of judicial economy; and (4) *give weight to the timeliness of the motion. United States v. Drougas*, 748 F.2d 8, 19 (1st Cir.1984) (citations omitted) (emphasis added).

In this case, the movants have filed a sealed motion containing the affidavit of defendant Cardona summarizing the substance of his testimony if the severance were granted. The motion was filed less than one day before the trial, while the defendants knew the nature of the government's proof in this case well before this eleventh-hour filing. Thus, the timing of the motion "casts doubts upon the bona fides" of the affidavit. *Id.* Moreover, we have carefully reviewed the proferred testimony and conclude that it would not be significantly exculpatory so as to justify severance. Finally, although the testimony may not be subject to "substantial, damaging impeachment," the countervailing considerations of judicial economy and the timeliness of the request weigh in favor of denying the motion.

█ We also cannot find that the government's intended introduction of evidence related to Cardona's previous convictions justifies severance in this case. Any prejudicial effect the introduction of this evidence may have upon the other codefendants can be adequately neutralized by limiting instructions to the jury. *Gomez–Pabon*, 911 F.2d at 860; *United States v. Williams*, 809 F.2d 75, 88 (1st Cir.1986), *cert. denied*, 481 U.S. 1030, 107 S.Ct. 1959, 95 L.Ed.2d 531 (1987). Thus, the defendants' concern regarding the "spillover" effect from a joint trial does not outweigh the public policy against severance.

In view of the foregoing, the defendants' Joint Motion for Severance is DENIED.

IT IS SO ORDERED.